No. 05-085

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 195N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

LEON HARLSON,

        Defendant and Appellant.

APPEAL FROM:     The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 03-709,
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Richard J. Carstensen, Attorney at Law, Billings, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

        Dennis Paxinos, County Attorney; Ed Zink, Deputy County
Attorney, Billings, Montana

Submitted on Briefs: March 22, 2006

Decided: August 22, 2006

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result in this Court=s quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Leon Harlson appeals from the orders of the Thirteenth Judicial District Court denying his motion to dismiss, denying his motion to sever his jury trial, and denying his motion to exclude evidence. Harlson also appeals his sentence for a charge which was dismissed prior to trial. We affirm in part, reverse in part, and remand to the District Court.

¶3     Stopped for speeding and other traffic violations, Appellant Leon Harlson subsequently failed sobriety tests and was arrested by the Montana Highway Patrol in Billings on August 27, 2003. A later search revealed drugs on Harlson's person. Thereafter, the State charged Harlson with the following six counts on August 29, 2003: Count I—criminal possession of dangerous drugs; Count II—theft; Count III—driving under the influence of drugs or alcohol; Count IV—driving with a suspended or revoked license; Count V—displaying plates assigned to another vehicle; and Count VI—speeding.

¶4     After various motions and continuances, including the dismissal of Counts II and V, Harlson's case proceeded to trial by jury on August 23, 2004. The jury convicted

2

Harlson of Counts I, III, IV, and VI. Thereafter, the court sentenced Harlson to twenty-five years in prison, with ten suspended, and ordered him to pay more than $1,000 in fines. Importantly, the court's written judgment indicated a conviction on Count V (displaying plates assigned to another vehicle), and also penalties associated therewith.

¶5    Harlson appeals on four grounds. First, he argues that the one-year delay between his being charged and his trial violated his rights to speedy trial guaranteed by the Sixth Amendment of the United States Constitution and Article II, Section 24 of the Montana Constitution. Second, he argues that the District Court erred in denying his motion to sever the jury trial into multiple trials. Third, he argues that the court improperly admitted evidence. Fourth, Harlson argues that he could not be sentenced and penalized on a charge which was dismissed. We agree with Harlson's fourth claim, but conclude the former three to be without merit.

¶6    Harlson's speedy trial argument centers on his assertion that the State bore the burden of proving that he was not prejudiced by the delay between his being charged and tried for his crimes. The facts and law, however, do not support this assertion. Though the State concedes that it is responsible for 262 days of delay in Harlson's case, *City of Billings v. Bruce*, 1998 MT 186, ¶ 56, 290 Mont. 148, ¶ 56, 965 P.2d 866, ¶ 56, clearly states that the burden of proving prejudice remains with the defendant until 275 days have passed. Accordingly, the District Court correctly required Harlson to prove prejudice, and after a hearing on the matter, concluded that Harlson's prejudice did not rise to the level of a right to speedy trial violation. After reviewing the facts, we agree—

3

Harlson's claims of delay-caused stress and Attention Deficit Disorder complications are not sufficiently prejudicial to sustain a right to speedy trial violation.

¶7 Harlson next challenges the District Court's denial of his motion to sever the charges for trial. "The decision of whether to sever charges which were originally joined for trial is left to the sound discretion of the district court," and we review such decisions for abuse of discretion. *State v. Riggs*, 2005 MT 124, ¶ 34, 327 Mont. 196, ¶ 34, 113 P.3d 281, ¶ 34. Here, the District Court found (a) that joinder was proper under § 46-11-404(1), MCA, and (b) that severance was not necessary to prevent unfair prejudice. We agree on both counts. Joinder was proper because the drug and traffic charges resulted from the same traffic stop on August 27, 2003. Furthermore, not only did Harlson fail to discuss his prejudice assertion in the District Court, but it appears that he suffered none.

¶8 Harlson also argues that the District Court improperly admitted a redacted copy of his driving record, which was offered by the State to show that Harlson was driving with a suspended license when he was stopped and arrested. Though Harlson asked the court to redact certain prior traffic offenses, he subsequently argued that because of the redactions, the driving record was no longer properly certified, and was therefore inadmissible. We review a district court's evidentiary rulings for manifest abuse of discretion. *State v. Bar-Jonah*, 2004 MT 344, ¶ 97, 324 Mont. 278, ¶ 97, 102 P.3d 1229, ¶ 97. Here, the District Court, in an effort to ensure fairness to Harlson, granted his request and redacted past traffic offenses from his certified driving record. Though Harlson claims the redacted record was prejudicial, he offers no basis or authority for it.

4

As such, and because a certified copy of a driving record is proper evidence, we hold that the District Court did not abuse its discretion in admitting a certified, yet redacted, copy of Harlson's driving record.

¶9    Notwithstanding the issues above, Harlson correctly notes that the District Court's written judgment and sentence included penalties and a conviction for Count V— displaying plates assigned to another vehicle.  Count V, however, was dismissed before trial.  As such, we remand back to the District Court for the limited purposes of correcting the written judgment.

¶10    We affirm on the first, second and third issues, and remand on the fourth issue.


/S/ JIM RICE


We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON