IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 05-085

2006 MT 195N-A

_____

STATE OF MONTANA,                    )
                                     )
         Plaintiff and Respondent,   )
                                     )
    v.                               )         O R D E R
                                     )
LEON HARLSON,                        )
                                     )
         Defendant and Appellant.    )

_____

Appellant Leon Harlson has filed a petition for rehearing of the Court's decision herein, filed as *State v. Harlson*, 2006 MT 195N, on August 22, 2006. The petition asserts that the Opinion inaccurately recounts what occurred in the District Court proceedings with regard to one issue. Having reviewed the petition, we agree that several statements set forth in ¶ 8 of the Opinion are inaccurate. Therefore,

IT IS ORDERED that ¶ 8 of the Opinion issued in this matter on August 22, 2006, is hereby withdrawn and the following paragraph is substituted in its stead:

> ¶ 8     Harlson also argues that the District Court improperly admitted a redacted copy of his driving record, which was offered by the State to show that Harlson was driving with a suspended license when he was stopped and arrested. Harlson had filed, and was granted, a motion in limine barring reference to his other charges or crimes. When the State sought to introduce, in accordance with statute, a certified copy of Harlson's driving record, it also offered to redact Harlson's other convictions from the document. However, Harlson also objected to a redacted copy, arguing that the document would nonetheless be prejudicial because the jury could deduce therefrom that Harlson had been convicted of other offenses. We review a district court's evidentiary rulings for abuse of discretion. *State v. Bar-Jonah*, 2004 MT 344, ¶ 97, 324 Mont. 278, ¶ 97, 102 P.3d 1229, ¶ 97. Faced with Harlson's dual objection, the District Court concluded that Harlson could not "have it both ways" and admitted Harlson's certified

1

driver's record with his past traffic offenses redacted therefrom. Though Harlson claims the redacted record was prejudicial, he offers no basis or authority for it. As such, and because a certified copy of a driving record is proper evidence under statute, we hold that the District Court did not abuse its discretion in admitting a certified, yet redacted, copy of Harlson's driving record.

In all other respects, the Opinion issued herein shall remain as originally set forth.

IT IS FURTHER ORDERED that the petition for rehearing is otherwise denied and remittitur shall issue forthwith.

DATED this 20th day of September, 2006.

/S/ JIM RICE

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JOHN WARNER

/S/ BRIAN MORRIS